For Respondent: .Frederick A. Jones.

---

A. Fred Roberts, Admr.
   d. b. n. c. t. a.
      vs.      Eq.No.7400
Nathan M. Wright, Jr.
   Admr.

April 30, 1926

BAKER, J. Heard on demurrers of respondents to the amended bill.

This bill sets out in considerable detail the travel of various litigation, involving the estates of William M. Willward and Amy A. W. Willward, through the Municipal and Superior Courts. The bill prays that the respondents may be compelled to account as to specific funds and to disclose all facts and information in regard to certain deposits, and that unexpended balances may, if possible, be followed into the hands of the respondents, and that they may be compelled to pay, after an accounting, certain moneys to the complainant as administrator; and also that this court may certify to the Supreme Court for construction a certain will and codicil thereto.

The grounds of demurrer are numerous, being chiefly, however, that it appears from the amended bill that

the complainant has an adequate remedy at law through other litigation pending.

In a recent decision of the Supreme. Court, viz.: Nathan M. Wright, Jr., Admr. vs. A. Fred Roberts, and Nathan M. Wright, Jr., Admr. vs. A. Fred Roberts, Admr., d. b. n. c. t. a., Exs. &c. Nos. 6158 and 6159, it has been held, in passing upon another phase of this same litigation, that the accounts of Wright as administrator were settled and that full and legal distribution of the estate of Amy A. W. Willward was made when the Municipal Court approved Wright's accounts. This being so, it seems clear to the Court that the respondents' demurrers to the amended bill of complaint, insofar as the bill relates to matters of accounting, the disclosing of facts and information, and the payment of balances, are clearly good.

It would seem from the decision referred to that a legal distribution of the Amy A. W. Willward estate has been made and that, therefore, that question has been finally determined and that the respondent can not be compelled to an accounting or a distribution in the present bill.

The question as to whether or not the complainant as a creditor might have any claim against the distributee, Mary E. Brayton, by virtue of the provisions of Sec. 20, Chap. 369, of the General Laws of 1923, is not in the judgment of the Court raised by the allegations of the present amended bill.

It would appear to the Court that if the complainant desires to take advantage of any provision of the aforesaid chapter, it must be done by a bill in which the allegations are clearly and specifically made in order to bring it within the provisions of said chapter and section.

Presumably the complainant is entitled to have the will and codicil of William M. Willward construed by

the Supreme Court and it undoubtedly would be desirable that his rights, if any, under said will and codicil be definitely determined.

Sec. 35 of Chap. 339 of the General Laws of 1923 is referred to in the amended bill of complaint. This section provides for the certifying by the Superior Court to the Supreme Court, for its determination, of all bills in equity for the construction of any will, whenever and as soon as any such cause is ready for hearing for final decree.

After considering this language carefully, the Court is of the opinion that it contemplates a bill in equity brought for the sole and specific purpose of construing a will or trust deed unconnected with other questions and forms of relief. The fact that no certification can be made until the cause is ready for final hearing for final decree helps confirm the court in this belief. The present bill, as above referred to, in addition to containing the prayer asking for the construction of the will and codicil of William M. Willward, asks for various other forms of relief by way of accounting and payment of money. Further, in a bill for the construction of a will, it is customary to point out specifically and clearly the questions desired to be answered.

It seems to the court that if the complainant wishes merely to have the will and codicil of Mr. Willward construed, he should do so by a bill which raises that issue only and which can then be certified as soon as it is ready for hearing for final decree.

The demurrers of the respondents to the amended bill are sustained.

The complainant may, if he sees fit, file an amended bill of complaint within two weeks from the date of the filing hereof.

For Complainant: Charles R. Easton.

For Respondent: Voight & O'Neill.

